

FILED & ENTERED

AUG 28 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:  William Bonar and Jessie Lee Bonar, Debtors. | Case No.:  2:23-bk-11181-ER<br>Adv. No.:  2:23-ap-01139-ER |
| Carolyn A. Dye, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>William Bonar, Jessie Lee Bonar, and Brandon Angelo Dedeaux Bonar,<br><br>Defendants. | **MEMORANDUM OF DECISION GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[RELATES TO ADV. DOC. NO. 31]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

Before the Court is the motion of the Chapter 7 Trustee (the "Trustee") for entry of summary judgment (the "MSJ") against William Bonar and Jessie Lee Bonar (the "Debtors"). Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[1] the Court finds the MSJ to be suitable for disposition without oral argument. For the reasons set forth below, the MSJ is **GRANTED**,[2] and the hearing on the MSJ, set for August 30, 2023 at 10:00 a.m., is **VACATED**.

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] The Court reviewed the following pleadings in adjudicating this matter:

    1) Trustee's Notice of Motion and Motion for Summary Judgment Against William Bonar and Jessie Lee Bonar [Adv. Doc. No. 31];

        a) Statement of Uncontroverted Material Facts and Conclusions of Law in Support of Motion for Summary Judgment [Adv. Doc. No. 32];

## I. Background

The Debtors filed a voluntary Chapter 7 petition on March 2, 2023 (the "Petition Date"). The Debtors currently reside at property located at 1209 Ford Avenue, Redondo Beach, CA 90278-4023 (the "Property").

Prior to the Petition Date, William Bonar ("William")[3] transferred via quitclaim deed title to the Property to Brandon Angeleo Dedeaux Bonar ("Brandon") for no consideration. Brandon is William's grandson.

On April 20, 2023, the Trustee filed a complaint (the "Complaint")[4] against the Debtors and Brandon, seeking to avoid the transfer as actually and constructively fraudulent and to recover the transfer for the benefit of the estate. On July 13, 2023, the Court granted the Trustee's motion for the entry of default judgment against Brandon.[5]

On July 19, 2023, the Trustee filed the instant MSJ against the Debtors. The Debtors did not submit any evidence in opposition to the MSJ and did not submit the "Statement of Genuine Issues" contemplated by LBR 7056-1(c)(2). Instead, the Debtors submitted a document captioned "The Defendant's Letter to Carolyn A. Dye" (the "Letter").[6] The Letter does not contest any of the factual or legal assertions made in the MSJ. In relevant part, it states:

> We are totally confused by the mountains of paperwork we have received and numerous court appearances…. We cannot afford an attorney and are totally at the mercy of the Courts. Please consider our health, ages, financial position and mental capacity and drop this case and render a Discharge accordingly ….[7]

## II. Findings and Conclusions

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Civil Rule 56 (made applicable to these proceedings by Bankruptcy Rule 7056). The moving party has the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is 'material' only if it might affect the outcome of the case[.]" *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers

---

b) Trustee's Notice of Service on Plaintiff of Document Labeled as "The Defendant's Letter to Carolyn A. Dye" [Adv. Doc. No. 33].
2) The Defendant's Letter to Carolyn A. Dye [Adv. Doc. No. 34].

[3] Given names are used to distinguish William Bonar from Jessie Lee Bonar and Brandon Angelo Dedeaux Bonar. No disrespect is intended.

[4] Adv. Doc. No. 1.

[5] Adv. Doc. No. 23 (ruling granting motion for default judgment) and Adv. Doc. No. 25 (order granting motion for default judgment).

[6] In the Letter, the Debtors mistakenly refer to the Trustee's request for summary judgment as a request for a "Proposed Default Judgment."

[7] Letter at p. 1.

to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The court is "required to view all facts and draw all reasonable inferences in favor of the nonmoving party" when reviewing the Motion. *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004).

The Debtors cannot defeat summary judgment by asserting that they are "confused by … mountains of paperwork" and that they "cannot afford an attorney."[8] A party asserting that a fact is genuinely disputed within the context of a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials …." Civil Rule 56(c)(1)(A). "[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). The Debtors have failed to show that any of the facts established by the Trustee's evidence are subject to genuine dispute.

## A. Material Facts Not Subject to Genuine Dispute

Having reviewed the MSJ and the supporting evidence and declarations, the Court finds that there is no genuine dispute as to the following material facts:

The Debtors currently reside at property located at 1209 Ford Avenue, Redondo Beach, CA 90278-4023 (the "Property"). The Debtors acquired the Property via a grant deed recorded in the Los Angeles County Recorder's Office. In 2005, Jessie Lee Bonar ("Jessie") executed an *Interspousal Grand Deed* transferring the Property to William as his sole and separate property.

On December 7, 2020, William was named as a defendant in a case entitled *Conservatorship of the Person and Estate of Garbis Saatdjian, by and through Ellen S. Finkelberg, Conservator v. William "Scotty" Bonar*, Los Angeles Superior Court Case No. 19STPB03072 (the "Probate Case," and the complaint filed in the Probate Case, the "Probate Complaint"). The Probate Complaint asserted causes of action for financial elder abuse, fraud, constructive fraud, deceit, conversion, beach of fiduciary duty, negligence, restitution, rescission, common counts, and declaratory relief.

Prior to the commencement of the Probate Case, William had held a power of attorney for Garbis Saatdjian ("Saatdjian"). On August 7, 2020, the Probate Court ordered William to provide an accounting of the transactions pertaining to a bank account that William maintained on Saatdjian's behalf at Bank of America. The Probate Court fixed November 5, 2020 as the deadline for William to file the accounting. After William failed to meet this deadline, the Probate Court conducted an Order to Show Cause Hearing (the "OSC Hearing") on April 28, 2021.

William appeared at the April 28, 2021 OSC Hearing but failed to file the accounting that had been ordered by the Probate Court. At the April 28, 2021 OSC Hearing, the Probate Court again ordered William to file the accounting.

On May 25, 2021, William executed a Quitclaim Deed transferring the Property to his grandson Brandon for no consideration. The Quitclaim Deed was recorded on June 29, 2021.

---

[8] Letter at p. 1.

Brandon, who was properly served with the Complaint, failed to file an Answer or responsive pleading. On July 13, 2023, the Court granted the Trustee's motion for the entry of default judgment against Brandon.

As of August 2, 2022, William had still not filed the accounting that had been ordered by the Probate Court. On that date, the Probate Court entered an order in favor of Saatdjian and against William, finding William liable for damages in the amount of $1,324,000. Among other things, the Probate Court found:

> [T]here is clear and convincing evidence (i) that [William] has committed acts of financial elder abuse against the Conservatee [Saatdjian] who is a dependent elder adult at times when he was and remains a fiduciary under power of attorney; (ii) that his acts of fiduciary elder abuse were done in bad faith; (iii) that his acts of fiduciary elder abuse were reckless, fraudulent or malicious as to the Conservatee; (iv) that at the times of his fiduciary elder abuse and thereafter the Conservatee has and remains unable to resist [William's] undue influence ….[9]

## B. The Trustee is Entitled to Summary Judgment on All Claims for Relief

Based upon the undisputed material facts set forth above, the Court finds that the Trustee is entitled to summary judgment on her claims (1) to avoid the transfer of the Property as actually and constructively fraudulent and (2) to recover the Property for the benefit of the estate.

### 1. The Transfer Was Actually Fraudulent Pursuant to § 548(a)(1)(A)

Section 548(a)(1)(A) provides: "The trustee may avoid any transfer … of an interest of the debtor in property … that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily made such transfer … with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made … indebted." To avoid a transfer as actually fraudulent, the Trustee bears the burden of proof under the preponderance of the evidence standard. *Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1043 (9th Cir. 2003).

Because "it is often impracticable, on direct evidence, to demonstrate an actual intent to hinder, delay or defraud creditors," courts "frequently infer fraudulent intent from the circumstances surrounding the transfer, taking particular note of certain recognized indicia or badges of fraud." *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 805 (9th Cir. 1994). Those badges of fraud include "(1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer." *Id.*

Here, there is no dispute that multiple badges of fraud are present. William transferred the Property to his grandson, Brandon, while defending against claims of financial elder abuse in the Probate Court. The transfer occurred shortly after the April 28, 2021 OSC Hearing before the Probate Court, at which William failed to provide the accounting that had been ordered. When

---

[9] Order After Hearing on Probate Code § 850 Petition for Financial Elder Abuse, Fraud, Constructive Fraud, Deceit, Conversion, Breach of Fiduciary Duty, Negligence, Restitution, Rescission, Common Counts, and Declaratory Relief [Adv. Doc. No. 31, Ex. F].

William made the transfer, he knew that there was a significant risk that a substantial judgment could be entered against him. After the transfer was made, a substantial judgment was in fact entered against William, when the Probate Court found that he was liable for damages of $1,324,000. The Debtors continued to live in the Property after the transfer to their grandson, and the transfer was for no consideration.

Based upon the multiple badges of fraud which are present, the Trustee is entitled to summary judgment on her claim that the transfer was actually fraudulent under § 548(a)(1)(A).

### 2. The Transfer Was Actually Fraudulent Pursuant to § 544(b)(1), Applying California Civil Code § 3439.04

Section 544(b)(1) permits the Trustee to "avoid any transfer of an interest of the debtor in property … that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." The "applicable law" in this case is California's Uniform Voidable Transfers Act (the "UVTA"), codified at Cal. Civil Code § 3439.01 *et seq.* The relevant provision of the UVTA, § 3439.04, is substantially identical to § 548(a)(1) of the Bankruptcy Code, and provides:

a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

1) With actual intent to hinder, delay, or defraud any creditor of the debtor….

b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following:

1) Whether the transfer or obligation was to an insider.
2) Whether the debtor retained possession or control of the property transferred after the transfer.
3) Whether the transfer or obligation was disclosed or concealed.
4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
5) Whether the transfer was of substantially all the debtor's assets.
6) Whether the debtor absconded.
7) Whether the debtor removed or concealed assets.
8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.
11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

For the same reasons that the transfer was actually fraudulent under § 548(a)(1)(A), the Court finds that the transfer was actually fraudulent under § 544(b), applying Cal. Civ. Code § 3439.04. Therefore, the Trustee is entitled to summary judgment on her claim under § 544(b).

*3. The Transfer Was Constructively Fraudulent Pursuant to § 548(a)(1)(B)*

Section 548(a)(1)(B) provides that a transfer is avoidable if the debtor "received less than a reasonably equivalent value in exchange for such transfer" and if the debtor:

1) was insolvent on the date that such transfer was made … or became insolvent as a result of such transfer …;
2) was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
3) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
4) made such transfer to or for the benefit of an insider … under an employment contract and not in the ordinary course of business.

§ 548(a)(1)(B).

To avoid a transfer as constructively fraudulent, the Trustee bears the burden of proof under the preponderance of the evidence standard. *Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1043 (9th Cir. 2003).

There is no dispute that the Debtors did not receive reasonably equivalent value for the transfer. William transferred the Property, which was community property of William and Jessie, to William's grandson Brandon for no consideration. Nor is there any dispute that at the time of the transfer, William believed that it was likely that he would soon incur debts beyond his ability to pay as a result of the entry of judgment against him in the Probate Action. For these reasons, the Trustee is entitled to summary judgment on her claim to avoid the transfer as constructively fraudulent under § 548(a)(1)(B).

*4. The Transfers Were Constructively Fraudulent Pursuant to § 544(b), Applying California Code of Civil Procedure § 3439.05*

Section 544(b) authorizes the avoidance of transfers under applicable state law. California Code of Civil Procedure § 3439.05, which is similar to § 548(a)(1)(B), provides that a "transfer made … by a debtor is voidable as to a creditor whose claim arose before the transfer was made … if the debtor made the transfer … without receiving a reasonably equivalent value in exchange for the transfer … and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

As discussed in Section II.B.3, above, there is no dispute that the Debtors did not receive reasonably equivalent value in exchange for the transfer. In addition, there is no dispute that the transfer rendered the Debtors insolvent by depriving them of title to the Property, which was the only asset owned by the Debtors of sufficient value to satisfy the judgment that would later be entered against William by the Probate Court.[10] Therefore, the Trustee is entitled to summary judgment on her claim to avoid the transfer as constructively fraudulent under § 544(b).

---

[10] Although the Probate Court did not enter judgment against William until approximately one year after the transfer, the Debtors were rendered insolvent as of the date of the transfer. The reason is that although William's liability to Saatdjian had not yet been reduced to judgment, the liability nonetheless still existed for purposes of determining solvency under the UVTA, because William had already committed all the actions giving rise to the liability.

*5. The Trustee is Entitled to Recovery of the Property Pursuant to § 550 and Preservation of the Avoided Transfer Pursuant to § 551*

Where a transfer has been avoided under §§ 544 or 548, § 550(a) authorizes the Trustee to "recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property …." Section 551 provides that any transfer avoided under §§ 544 or 548 "is preserved for the benefit of the estate but only with respect to property of the estate."

Having established that she is entitled to avoid the transfer, the Trustee is entitled to recovery of the Property from Brandon for the benefit of the estate, pursuant to § 550. The Trustee is likewise entitled to preservation of the Property for the benefit of the estate, pursuant to § 551.

## III. Conclusion

Based upon the foregoing, the MSJ is **GRANTED**, and the hearing on the MSJ, scheduled for August 30, 2023 at 10:00 a.m., is **VACATED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: August 28, 2023

Ernest M. Robles
United States Bankruptcy Judge